Gerardo LOPEZ, Petitioner—Appellant,

v.

Larry SMALL, Warden, Respondent—Appellee.

No. 08–56176.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2010.

Filed March 8, 2011.

Verna Jean Wefald, Esquire, Attorney at Law, Pasadena, CA, for Petitioner–Appellant.

Gerardo Lopez, Calipatria, CA, pro se.

Stephanie Brenan, Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

MEMORANDUM *

The California Superior Court's dismissal of Lopez's state habeas petition was the last-reasoned decision regarding this petition, and accordingly we look through the opinions of the California Court of Appeal and California Supreme Court, which affirmed the Superior Court's denial without explanation. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803, 806, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). We conclude that when the California Superior Court stated that "[a]s to matters alleged to have occurred in 2002, [Lopez] [did] not disclose[ ] the reasons for delaying the presentation of these facts to the court," it was denying Lopez's state habeas petition as untimely. *See Bonner v. Carey,* 425 F.3d 1145, 1148–49 (9th Cir.2005), *amended on other grounds by* 439 F.3d 993 (9th Cir.2006). Because the California courts dismissed Lopez's petition as untimely, it was not "properly filed" for purposes of AEDPA, and Lopez is not entitled to tolling under 28 U.S.C. § 2244(d)(2). *Id.* Accordingly, none of the time before or during the superior court's consideration of that petition is statutorily tolled. *Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). As a result, Lo-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

pez's federal habeas petition is time-barred under AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(2). Because we affirm the district court on this ground, we need not address whether Lopez is eligible for equitable tolling of the six-month period between his filing of his habeas petitions with the superior court and court of appeal. *See generally Holland v. Florida,* — U.S. —, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.